# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS L. BUNN, JR.,**

        **Plaintiff,**

**v.**                                   **Case No: 6:12-cv-1479-Orl-22KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## ORDER

This cause is before the Court on Plaintiff Thomas L. Bunn Jr.'s ("Plaintiff") Complaint for review of the Final Decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for Disability benefits and Supplemental Security Income payments. (Doc. No. 1).

The United States Magistrate Judge has submitted a report recommending that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision be reversed and remanded for further proceedings. (Doc. No. 26).

After an independent *de novo* review of the record in this matter, including the partial objection filed by the Commissioner (Doc. No. 27), and Plaintiff's response thereto (Doc. No. 28), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation (the "R & R").

## I.  BACKGROUND

The Court briefly sets forth the relevant procedural history. In 2009, Plaintiff applied for benefits under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42

U.S.C. § 401 *et seq.*, and the Supplemental Security Income for the Aged, Blind, and Disabled Program ("SSI"). 42 U.S.C. § 1381, *et seq.* After his applications were denied initially and on reconsideration, on January 24, 2011, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. (*See* R. at 12). At the hearing, the ALJ considered testimony from Plaintiff and from an impartial vocational expert ("VE"). (R. at 28-59).

On February 17, 2011, the ALJ issued a decision finding Plaintiff not disabled. (R. at 12-20). Based on the ALJ's residual functional capacity ("RFC") assessment and the testimony of the VE, the ALJ found that Plaintiff could perform other work available in the national economy. (R. at 19). Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. (R. at 1-3). Thereafter, Plaintiff filed his Complaint in this Court. (Doc. No. 1).

On December 4, 2013, United States Magistrate Judge Spaulding submitted a report (the "R & R") recommending that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision be reversed and remanded for further proceedings. (Doc. No. 26). The Magistrate Judge recommends that the Court find the ALJ's decision insufficient to perform an effective review because (1) the ALJ does not mention Plaintiff's headaches or address whether these headaches resulted in functional limitations; (2) the ALJ omitted evidence of Plaintiff's complaints about numbness and tingling in his shoulder radiating to his fingers; and (3) the ALJ did not address a subsequent nerve conduction study that "showed evidence of subacute C5-C6 radiculothapy and mild right neuropathy at the wrist consistent with mild right carpal tunnel syndrome and an abnormality at C5-C6." (*Id.* at p. 10). The Magistrate Judge further recommended that, should the Court accept the previous recommendation, the pending motion to remand should be denied as moot. (*Id.* at p. 11).

The Court adopts as if fully set forth herein the factual summary from the R & R (Doc. No. 26 at pp. 4-8).

## II.  LEGAL STANDARDS

### A.  Standard of Review

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### B.  Social Security Sequential Evaluation Process

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009) (per curiam) (citations omitted).

The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted).

When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted). Substantial evidence is evidence that is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Id.* at 1560 (citations omitted). As well, the Court reviews *de novo* the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted).

### III.  COMMISSIONER'S PARTIAL OBJECTION

In the present case, the Commissioner objects to three aspects of the Magistrate Judge's R & R: (1) the ALJ's failed to consider Plaintiff's complaint of headaches, (2) the ALJ named the wrong doctor when discussing an MRI, and (3) the ALJ failed to consider a nerve conduction study. (Doc. No. 27 at pp. 2-3). As well, the Commissioner claims that there is substantial evidence in the record to support the ALJ's determination. (*Id.* at p. 8).

The Commissioner's primary complaint is that Plaintiff failed to prove work-related limitations caused by his headaches. (*Id.* at p. 3). The Commissioner directs the Court's attention to testimony from the administrative hearing (R. at 49), as well as examining physician Dr. Barber's medical evaluation (R. at 353-57), and state agency physician Dr. David Guttman's RFC. (R. at 377-84). However, the Court is not persuaded by the Commissioner's arguments because, as the Magistrate Judge properly found, they still fail to fill in the missing explanation

of how Plaintiff's headaches were accounted for in the RFC or why the ALJ concluded no functional limitations existed from the headaches. Significantly, the ALJ's decision makes no mention of headaches and further does not address whether Plaintiff's headaches resulted in any functional limitations. (R. at 12-20). In this regard, the Commissioner concedes "it would facilitate judicial review if the ALJ had included a statement that he had considered claimant's alleged headaches but found no corresponding limitations based on the evidence." (Doc. No. 27 at p. 5).

The Court also rejects the Commissioner's argument that remanding this case is "a waste of administrative and judicial resources" because the "practical effect of the R & R is merely to require the ALJ to include one sentence in his opinion – that Plaintiff's headaches caused no limitations." (*Id.* at p. 27). This, of course, presupposes that the ALJ in fact did consider the claimant's headaches and found no corresponding limitations. However, as previously noted, the issue is that the Court is unable to determine on the current record how Plaintiff's headaches were accounted for in the RFC, if at all, or why the ALJ concluded no functional limitations existed from the headaches. Further, the Court also agrees with the Magistrate Judge that "this is not the only evidence omitted from the ALJ's decision." (Doc. No. 26 at p. 10). Even if the Magistrate Judge made a finding of error in regards to Plaintiff's MRI "based on a misinterpretation of the record" (*See* Doc. No. 27 at pp. 6-7),[1] the ALJ still failed to account for the subsequent nerve conduction study ordered by Dr. Allende.

The Eleventh Circuit requires that an ALJ consider a claimant's entire medical condition in his analysis. *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were

---

[1] The Commissioner noted that this finding might have been related to an inadvertent error in her reply brief. (Doc. No. 27 at p. 7 n.4).

applied, then remand is required. *See id*. After *de novo* review, the Court finds the Magistrate Judge's legal reasoning and factual findings are correct and adopts the same rationale set forth in the R & R. Accordingly, the Court finds that the ALJ's decision is insufficient to perform an effective review and this case is due to be remanded for further proceedings.

The Magistrate Judge also recommends that if the Court adopts the previous recommendation, Plaintiff's Motion for Sentence Six Remand (Doc. No. 23) should be denied. Both Plaintiff and the Commissioner do not object to this recommendation.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1.  The Report and Recommendation filed December 4, 2013 (Doc. No. 26), is **ADOPTED and CONFIRMED** and made a part of this Order.

2.  The Commissioner's Partial Objection (Doc. No. 27) is **OVERRULED**.

3.  Plaintiff Thomas Bunn's Motion to Remand (Doc. No. 23) under sentence six of 42 U.S.C. § 405(g) is **DENIED as moot**.

4.  The Final Decision of the Commissioner denying the Plaintiff's claim for Disability Insurance benefits and Supplemental Security Income payments is hereby **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

5.  The Clerk shall enter final judgment in favor of Plaintiff and against the Commissioner.

6.  The Clerk is **DIRECTED TO CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on February 19, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties