UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS L. BUNN, JR.,

       **Plaintiff,**

v.                                                       Case No:   6:12-cv-1479-Orl-22KRS

COMMISSIONER OF SOCIAL
SECURITY,

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 31)
>
> **FILED:** March 10, 2014

Plaintiff, Thomas L. Bunn, Jr., seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on February 20, 2014. Doc. No. 30. Counsel for the Plaintiff represents that the relief requested is not opposed. Doc. No. 31 at 3. Thus, the motion is now ripe for consideration.

Richard A. Culbertson, Esq., Plaintiff's counsel of record, seeks an award of fees for 2.0 hours of work in 2012, 19.4 hours of work in 2013, and 1.2 hours of work in 2014, for a total of 22.6 hours by Attorney Culbertson. *Id.* at 2, 12-13. Attorney Culbertson also seeks recovery for 2.5 hours of work by Attorney Sarah Fay in 2013. *Id.* at 2, 14. The total award sought is $4,687.70. *Id.* at 1-3.

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Attorneys Culbertson and Fay request $184.00 per hour for the work performed in 2012 and $187.00 per hour for the work performed in 2013 and 2014. Doc. No. 31 at 2, 8. Attorney Culbertson provides an analysis for the cost-of-living increase using the CPI for 2012 and 2013, but he does not analyze the cost-of-living adjustment for 2014. *Id.* at 8-10. Independent calculations show that the average adjusted hourly rate through February 2014 for the EAJA is $188.14.[2] Accordingly, based on the cost-of-living adjustment, the requested rates of $184.00 per hour for 2012 and $187.00 per hour for 2013 and 2014 do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). At least one Judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] The figure is calculated by averaging the CPI rate for January and February of 2014 and subtracting it from the March 1996 rate $(((233.916 + 234.781) \div 2) - 155.7 = 78.649)$ and then dividing that number by the March 1996 rate $(78.649 \div 155.7 = .5051)$. These calculations result in the cost-of-living percentage increase from March 1996 through February 2014. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA $((.5051 \times 125) + 125 = 188.14)$. *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-in/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Mar. 18, 2014).

rates sought and they are within the rates permitted by the EAJA, I recommend that the Court find that the rates are reasonable without objection.[3] *See Woodworth v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-826-Orl-KRS at Doc. No. 24 (M.D. Fla. Nov. 27, 2013) (awarding $187.01 per hour for work performed in 2013 using average monthly multipliers through October 2013 in the absence of objection); *Schneider v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-993-Orl-37KRS at Doc. No. 23 (M.D. Fla. Aug. 23, 2013) (recommending $184.00 per hour for work performed in 2012).

I also recommend that the Court find that the total hours worked are reasonable in the absence of objection.

Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to Attorney Culbertson. Doc. No. 31-1. In the retainer agreement, Plaintiff assigned his right to any attorney fees awarded under the EAJA to Attorney Culbertson. *Id.* In the motion, Attorney Culbertson represents that "Plaintiff requests that any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 31 at 2.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 31) and **ORDER** the Commissioner

---

[3] I note that, in the past, I have found that the reasonable hourly rate for Attorney Fay's work in 2012 was $125.00. I recognize, however, that this Court has awarded Attorney Fay $184.00 per hour in the absence of objection. *See, e.g.*, *Green v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-357-Orl-28KRS, Doc. No. 26 (M.D. Fla. May 24, 2013). Accordingly, because the Commissioner does not object to the $187.00 rate for work done in 2013 requested by Attorney Fay, I will recommend that the Court find it to be reasonable. I do, however, continue to have doubts that, for an opposed motion, $184.00 or more would be a reasonable hourly rate for an attorney of Attorney Fay's experience.

- 4 -

to pay $4,687.70 in attorney's fees.[4]   The Commissioner may, in her discretion, be permitted to pay all or part of the fees to Plaintiff Bunn's counsel should she determine it appropriate to do so.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 19, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[4]  Fees are calculated by year as follows: (2.0 hours worked by Attorney Culbertson in 2012 × $184.00 = $368.00) + (20.6 hours worked by Attorney Culbertson in 2013 and 2014 × $187.00 = $3,852.20) + (2.5 hours worked by Attorney Fay in 2013 × $187.00 = $467.50) = $4687.70.